UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS, <br> Plaintiff, <br> v. <br> CITY OF PITTSBURG, et al., <br> Defendants. | Case No. 18-cv-06174-JSC <br><br> **SECTION 1915 SCREENING OF INITIAL COMPLAINT** <br> Re: Dkt. No. 1 |

Mr. Donald Ray Ellis sues the City of Pittsburg, California, and six-named employees and officials of that municipality alleging violations of his civil rights under the United States Constitution and 42 U.S.C. § 1983. (Dkt. No. 1.) Having granted Mr. Ellis's Application to Proceed In Forma Pauperis, (Dkt. No. 4), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that Mr. Ellis's complaint is deficient for the reasons set forth below.

**COMPLAINT ALLEGATIONS**

The complaint does not contain a plain statement of facts and allegations. It appears that on November 1, 2017, Mr. Ellis's bicycle was stolen from outside a Ross Clothing Store while he shopped inside. (Dkt. No. 1 at 5.) The gravamen of Mr. Ellis's complaint is that the responding officer, "Officer Montalvo," did not allow Mr. Ellis "to get [the] names of [the] employees of [the] Ross Clothing Store to file [a] claim for [his] stolen bike," and told Mr. Ellis that he could not "file a claim for any civil rights due [ ] process" violation related to his stolen bicycle. (*Id.*) Officer Montalvo instead directed Mr. Ellis "to leave [the store] and walk home." (*Id.*) Officer Montalvo's actions put Mr. Ellis "in fear for his life and physical well being [sic]." (*Id.* at 3.)

Mr. Ellis alleges violations of the First, Fourth, Fifth, Seventh, Eighth, Ninth, Fourteenth, Fifteenth, and Nineteenth Amendments to the United States Constitution related to the alleged

incident, and seeks to hold the City of Pittsburg, five named officials of the municipality, and Officer Montalvo liable for Officer Montalvo's actions under "the theory of *Monell* liability." (Dkt. No. 3, 7) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978)).

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

## DISCUSSION

A municipality may be held liable as "person" under 42 U.S.C. § 1983, but not for the

2

unconstitutional acts of its employees based solely on "an employer-employee relationship." *Monell*, 436 U.S. at 691. Instead, a plaintiff seeking to impose liability on a municipality under Section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. Of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted). Thus, to state a claim under Section 1983, a plaintiff must allege that: (1) "the plaintiff possessed a constitutional right of which [he] was deprived"; (2) "the municipality had a policy"; (3) the "policy amounts to deliberate indifference to the plaintiff's constitutional right"; and (4) "the policy is the moving force behind the violation." *Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citations omitted).

A *Monell* claim can take one of three forms: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cty.*, No. C-12-1923 PJH, WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citing *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). "[T]o properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the constitutional violations." *Brown*, WL 1347680, at *8 (citing *AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012)). A plaintiff must instead comply with the pleading requirements set forth in *Iqbal* and *Twombly*; thus, the complaint must allege sufficient facts regarding the nature of the policy "to give fair notice and to enable the opposing party to defend itself effectively[,]" and the allegations "must plausibly suggest an entitlement to relief." *AE*, 666 F.3d at 637 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, Mr. Ellis fails to allege sufficient facts concerning a specific custom or policy that resulted in the alleged violations of his constitutional rights. Instead, Mr. Ellis appears to allege that the City of Pittsburg and five-named municipal officials failed to supervise Officer Montalvo and that such failure to supervise constitutes "a long standing practice and custom . . . of [the] local [government] entity." (*See* Dkt. No. 1 at 4, 6, 12, 14, 19, 21, 26, 28, 33, 35, 40, 42.) This

allegation, however, is nothing more than a barebones statement with no supporting factual allegations.

Further, and more fundamentally, Mr. Ellis fails to plead sufficient facts showing that Officer Montalvo's conduct gives rise to a plausible constitutional violation. The complaint appears to allege, in pertinent part, that Officer Montalvo threatened Mr. Ellis by telling him that he "better not or el[se] file a lawsuit with [Officer Montalvo's] side arm." (Dkt. No. 1 at 3.) Construed liberally and taken as true, this allegation could suggest that Officer Montalvo threatened Mr. Ellis with his service weapon. However, Mr. Ellis fails to tie this lone allegation to any particular constitutional violation or "plead[ ] factual content that allows the court to draw the reasonable inference" that Officer Montalvo did in fact threaten Mr. Ellis. *See Iqbal*, 556 U.S. at 678. Simply put, the complaint's allegations give rise to nothing "more than a sheer possibility that a defendant has acted unlawfully," and are thus insufficient. *See id.* In the absence of any factual allegations in support of his claims, Mr. Ellis's claims must fail.

## CONCLUSION

For the reasons set forth above, Mr. Ellis's complaint fails section 1915 review. Mr. Ellis may file an amended complaint within 30 days; his amended complaint must include a plain statement of facts in support of each claim.

The Court encourages Mr. Ellis to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Ellis can make an appointment in person or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: October 16, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PITTSBURG, et al.,<br><br>    Defendants. | Case No. 18-cv-06174-JSC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on October 16, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald Ray Ellis
125 Corte Maria
Pittsburg, CA 94565


Dated: October 16, 2018

                            Susan Y. Soong
                            Clerk, United States District Court

                            By:_____
                            Ada Means, Deputy Clerk to the
                            Honorable JACQUELINE SCOTT CORLEY